DAN H. COOPER, BAR NO. 004900
Cooper & Udall, P.C.
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
dcooper@cooperudall.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 18-MJ-03091-TUC (EJM) |
| Plaintiff, ) | |
| vs. ) | **REQUEST FOR RECONSIDERATION AND APPEAL FROM MAGISTRATE MARKOVICH'S ORDER DETAINING JOSHUA PRATCHARD** |
| JOSHUA JOEL PRATCHARD, ) | |
| Defendant. ) | |
| _____ ) | |

Joshua Pratchard, through counsel, appeals the Order of Detention issued in the above-captioned matter on June 18, 2018 by Magistrate Judge Eric J. Markovich pursuant to the 8th Amendment to the United States Constitution and the provisions of the Bail Reform Act, 18 U.S.C § 3142. This appeal is supported by the accompanying Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this _26th_ day of June, 2018.

By _s/ Dan H. Cooper_
    Dan H. Cooper

# MEMORANDUM OF POINTS OF AUTHORITY

**INTRODUCTION**

Joshua Pratchard was arrested on June 1, 2018 and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922 (g)(1) and 924 (a)(2) and the unlicensed sale and transfer of a firearm in violation of 18 U.S.C § 922 (a)(5). At Mr. Pratchard's initial appearance on June 4, 2018 the government requested a dangerousness hearing to move that no release condition could ensure the safety of the community. That hearing was held on June 8, 2018. There was no presumption of detention. However, Judge Markovich found that Mr. Pratchard is a danger to the community and no conditions of release can ensure the safety of the community.

**FACTS**

One witness testified at the dangerousness hearing, FBI agent Ryan McGee. The facts upon which Magistrate Judge Markovich based his decision are as follows:

1. Mr. Pratchard was court martialed under the Uniform Code of Military Justice in 2001. He was convicted of four drug offenses and sentenced to three years imprisonment.
2. In 2009 Mr. Pratchard was convicted of felony assault in the United States District Court for Northern California and was sentenced to three years probation.
3. In 2014 Mr. Pratchard was arrested on a domestic violence involving his wife, Melissa. The charge was dismissed. Joshua and Melissa Pratchard remain married. There were no injuries in the case.
4. Mr. Pratchard submitted an online, public application to a militia group called Arizona Border Recon. Agent McGee investigates such militias. A confidential

informant working with the FBI provided information about Mr. Pratchard, guns he owned, and his overall demeanor. The informant provided extensive information about conversations he had with Mr. Pratchard. Those conversations included discussions about the manufacture of guns, rip crews at the border, and border surveillance. For reasons that are disputed, Mr. Pratchard did not join the militia and attended only one "operation." McGee testified that based on the conversations with the informant, Mr. Pratchard was willing to sell weapons. No sale was consummated.

5. Firearms were located in Mr. Pratchard's home following his arrest as well as ammunition, black powder and a reloading press. These weapons are, in part, the subject of the felon in possession charge.

6. Mr. Pratchard was out and about ("under investigation") in San Diego from his initial meeting with the informant in April until his arrest on June 1.

**LAW**

The decision to support a finding that no condition or combination of conditions will reasonably ensure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C § 3142 (f); *United States v. Gebro,* 948 F. 2d 1118, 1121 (9th Cir. 1991). Clear and convincing evidence means proof that a particular defendant actually poses a danger to the community not that the defendant in theory poses a danger. *United States v. Patriarca,* 948 F 2d 789 (1st Cir. 1991).

The possession of the guns alone should not constitute clear and convincing evidence of danger. *United States v. Jeffries,* 679 F. Supp. 1114 (M.D. Ga. 1988). And the danger of recidivism is "probably not" the type of danger to the community which will support detention. *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986). In fact,

simply being charged with a crime of violence will not satisfy the clear and convincing standard. *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985).

Only in rare circumstances should a person arrested for a non-capital offense be denied bail. *Unites States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985). The law mandates that detention is appropriate only if "no condition or combination of conditions" will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C § 3142 (e).

**ARGUMENT**

The Magistrate Judges decision to detain Mr. Pratchard was wrong. It was based, in substantial part, on his prior felony convictions. The convictions were seventeen and nine years ago respectively. The Magistrate Judge also considered the dismissed charge of domestic violence from 2014. There was no injury in that case, no conviction and, as the court knew, the alleged "victim" remains married to Mr. Pratchard and was sitting in the courtroom throughout the dangerousness hearing. The prior convictions (and prior allegations) in no way support a clear and convincing conclusion that Mr. Pratchard is dangerous. *Patriarca*, *supra*.

Furthermore, the Magistrate Judge based his decision on the possession of firearms, which are elements of the charged offense, which in no way support dangerousness. *Jeffries, supra*. The possession of the guns upon arrest does not support clear and convincing evidence of danger.

The law mandates that there must be no condition, or combination of conditions, that will reasonably assure the safety of the community. 18 U.S.C § 3142 (e). In fact, multiple such conditions exist from home arrest to electronic monitoring to third-party

custodians (including Pre-Trial Services). The Magistrate Judge's decision ignores such options and based his finding of dangerousness on erroneous factors. Being charged with a crime of violence does not even satisfy the clear and convincing standard and the charges Joshua Pratchard faces are not dangerous. The Magistrate Judge's decision is contrary to the facts and the law and should be overturned.

RESPECTFULLY SUBMITTED this __26th__ day of June, 2018.

By_s/ *Dan H. Cooper*
Dan H. Cooper