ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant U.S. Attorney
Arizona State Bar No. 010547
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Joshua Joel Pratchard,<br><br>Defendant. | CR 18-01256-TUC-CKJ (JR)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL FROM MAGISTRATE'S ORDER OF DETETNION |
|---|---|

The United States of America, by and through its undersigned attorneys, hereby responds to Defendant's Appeal of Magistrate Judge Markovich's Order of Detention. Because there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and because he is a danger to the community, the Magistrate Judge's Order of Detention should be affirmed. This Response is supported by the Memorandum of Points and Authorities set forth below.

**Memorandum of Points and Authorities**

The Defendant was arrested on June 1, 2018 pursuant to a Complaint and Arrest Warrant which alleged one count of Felon in Possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and Transferring a Firearm to an Out-of-State Resident, in violation of 18 U.S.C. §922(a)(5). Defendant's arrest occurred after a nearly three month investigation involving Defendant's past criminal history, his actions while in Arizona, and the fact that although a prohibited possessor, Pratchard admitted to a CHS (confidential human source) that he manufactures and possesses both firearms and ammunition in his

San Diego home.  Evidence gathered during the investigation corroborates the Defendant's admission.

Defendant was convicted in a military court martial in April, 2002 of three separate drug related charges.  He was sentenced to serve thirty months in custody. The drug involved was ecstasy - a Schedule I drug.  According to the applicable military code, each conviction is punishable by confinement for a term of 15 years.  In *United States v. MacDonald,* 992 F.2d 967 (9th Cir. 1993) the Ninth Circuit held that a general court-martial conviction, where an individual is convicted of an offense which is punishable for a term exceeding one year, amounts to a "crime" for purposes of § 922(g)(1).  Clearly, according to the Ninth Circuit, Defendant's general court-martial convictions are "crimes" that satisfy Section 922(g)(1).

Next, Defendant was convicted in 2009 in the Northern District of California of Assault Resulting in Serious Bodily Injury.  Pratchard sustained that conviction after punching and stomping on the victims' head which resulted in the victim's broken nose, fractured jaw, and a concussion.  Defendant was sentenced to three years of probation, ordered to pay restitution to the victim in the amount of $19,516.00 and to serve 12 months in a Community Confinement facility.

Defendant was also arrested for domestic violence on March 9, 2014.  At that time Defendant became angry and began throwing things around the house.  According to statements from his victim/wife "Joshua then got in my face and told me I have five seconds to leave or he was going to hurt me."  He picked her up and threw her on the bed.

The Defendant has been a prohibited possessor since his military court martial in 2002.  Investigation has revealed that the Defendant has not applied for or obtained his right to possess a firearm restored.

Defendant came to Arizona in late January, early February, 2018 to participate in border operations with AZBR (Arizona Border Recon), a border militia group that patrols the border seeking illegal aliens.  The members are armed when they patrol.  Tim Foley, the organizer of AZBR prohibits the use of sights, scopes and various types of firearms.

1  Foley also prohibits the use of force. Defendant was prohibited from participating in any
2  further operations with AZBR and became visibly angry when he was informed that he
3  wasn't allowed to have a silencer on his weapon and he wasn't allowed to go "hands on"
4  with the illegal aliens.

5  Pratchard developed a relationship with the CHS and continued to travel from San
6  Diego to Arizona for the purpose of meeting up with the CHS. Each time Defendant came
7  to Arizona, he brought with him numerous firearms and ammunition. It was during these
8  meetings that the FBI learned that the Defendant both possessed and manufactured firearms
9  and ammunition at his residence in San Diego, and was willing to sell firearms and
10 ammunition. During these visits, Defendant admitted that he has manufactured and given
11 firearms to his brother and father. Defendant also told the CHS that he wanted to engage
12 rip crews. These comments were made while Defendant was in Arizona, visiting the CHS.
13 Defendant displayed both sophistication and knowledge regarding firearms. He admitted
14 to having a large amount of equipment at his home, which enables him to manufacture the
15 firearms and ammunition. This was corroborated when the CHS traveled to San Diego to
16 stay with Defendant and saw the bedroom closet containing the firearm manufacturing
17 equipment and also when federal agents executed a search warrant on Defendant's home
18 on June 1, 2018.

19 Defendant sold two firearms to the CHS. On April 14, 2018, Defendant sold what
20 appears to be a short barreled rifle to the CHS for $3,000 and on May 30, 2018 Pratchard
21 sold the CHS a silencer, a firearm which appears to be a short barreled rifle, and 500 rounds
22 of ammunition for $3,800.

23 A search warrant was executed on Defendant's vehicle on June 1, 2018 shortly after
24 his arrest. Recovered from the vehicle was an arsenal of firearms and ammunition. Agents
25 seized three firearms, including a .45 handgun, a firearm, which appears to be a short
26 barreled rifle and one AR style rifle, a silencer and approximately 290 rounds of
27 ammunition.
28

1 2 3 4 5 6 7 8 9 10 11 12 13       A search warrant was executed on Defendant's San Diego home on June 1, 2018, shortly after Pratchard's arrest.  Eight firearms were seized from Defendant's home in addition to a large amount of ammunition.  Also seized from Defendant's home in San Diego was paperwork pertaining to the purchase of firearms, gun components and other items.  These documents are attached herein as Exhibit 1.  Each individual page is bates stamped for ease of reference.  The documents reveal that on December 21, 2015, despite being a prohibited possessor, Defendant attempted to purchase a semi-automatic handgun from Dunns Discount Guns and Sporting Goods in San Diego, California.  The firearm had a serial number of NM432578.  The document describes the status of the transaction as "pending".  In another document labeled as Refund Request, it appears the Defendant was refunded $854.99 for the same firearm.  The reason for the refund is "DOJ Denial."  In all likelihood, the transaction was denied due to the Defendant's status as a prohibited possessor.

14 15 16 17 18 19 20 21       The documents also reveal that Melissa Pratchard purchased many of the firearms and firearm components, either in person, or which she had shipped to their home in San Diego.  One of the documents reveals that on June 16, 2016 Joel Pratchard, who is the Defendant's father, purchased and had shipped to Melissa Pratchard, a special order item from Forsaken Arms that cost $776.00.  The next page is an itemized description of the order which includes many gun components.  It appears that Defendant's family members were purchasing firearms and/or firearm components, in all likelihood because the Defendant was unable to, due to his status as a prohibited possessor.

22 23 24 25 26 27 28       Defendant argues in his pleading that the Magistrate Judge ignored several options as conditions of release - such as electronic monitoring or release to a third party custodian.  None of these options are viable.  As Magistrate Eric Markovich stated in his Order, "…it is safe to assume that his family is aware that he has prior felony convictions and cannot possess firearms or ammunition.  Nevertheless, him family could not and did not stop him from not only possessing firearms and ammunition, but also manufacturing them".  (Doc. 18, page 9, line 19.)  Additionally, Defendant admitted that he manufactured firearms and

game them to his brother and father. Again, they had to have known that Defendant was a prohibited possessor. It is clear that Defendant's family members are unsuitable to serve as third party custodian.

On June 27, 2018, a federal grand jury returned a six count indictment, charging Defendant with four counts of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and two counts of Transferring a Firearm to an Out-of-State Resident, in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D), plus a forfeiture allegation. The Government expects to seek a superseding indictment after the ATF lab completes their analysis of the firearms in question. The Defendant is also facing criminal charges in San Diego based on evidence recovered from the home.

Based on all of the evidence set forth above, the Government asks this Court to deny Defendant's Request for Reconsideration and Appeal from the Magistrate's Order. Defendant is a flight risk and a danger to the community

Respectfully submitted this 6th day of July, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Beverly K. Anderson*

BEVERLY K. ANDERSON
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 6th day of July, 2018 to:

Dan H. Cooper, Esq.
Counsel for Defendant Pratchard