Laura E. Udall, Bar No. 010501
COOPER AND UDALL, P.C.
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
ludall@cooperudall.com

Dan H. Cooper, Bar No. 004900
COOPER & UDALL, P.C.
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
dcooper@cooperudall.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-18-01256-CKJ-JR |
| vs. | ) | |
| | ) | **OBJECTION TO GUIDELINE** |
| JOSHUA JOEL PRATCHARD, | ) | **CALCULATIONS** |
| | ) | |
| Defendant. | ) | |

It is expected that excludable delay under Title 18 U.S.C. Section 3161(h)(7) may occur as a result of this motion or of an order based thereon.

**Offense Level Computation**

**A.    Base Offense Level**

The defendant objects to the PSR's claim of a base offense level of 26. USSG § 2K2.1(a)(1) specifies a base offense level 26 if the instant offense was committed subsequent to sustaining at least two felony convictions of either a "crime of violence" or a "controlled substance offense." The PSR wrongly asserts that defendant has two prior convictions that are qualifying convictions under the guidelines.

1

The defendant's prior convictions are: 1) assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6); and, 2) wrongful distribution and use of Ecstasy in violation of United States Code of Military Justice Article 112a.

**1. Defendant's felony conviction for Assault Resulting in Serious Bodily Injury, is not a "crime of violence," because the offense encompasses reckless conduct.**

For purposes of USSG § 2K2.1, "crime of violence" has the same meaning given that term in USSG § 4B1.2(a). USSG § 4B1.2(a)(1) defines the term "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This language is identical to definition of "crime of violence" contained in 18 U.S.C. § 16(b).

In 2004, the United States Supreme Court considered whether a "crime of violence" under 18 U.S.C. § 16(b), encompassed negligent conduct, and found that it did not. *Leocal v. Ashcroft*, 543 U. S. 1 (2004). Shortly thereafter, the 9th Circuit, in *Fernandez-Ruiz v. Gonzales*, extended *Leocal* to exclude reckless conduct from § 16(b). 466 F.3d 1112, 1132 (9$^{th}$Cir. 2006). The Court held that the bedrock principle of *Leocal* - that a federal crime of violence must involve the intentional use of force – precludes sentencing enhancement for prior offenses that include reckless as an element.

The federal statute under which defendant was convicted, 18 U.S.C. § 113, may be based on reckless conduct. *United States v. Loera*, 923 F.2d 725,728 (9th Cir. 1991). For that reason, under *Fernandez-Ruiz*, the defendant's conviction for assault under § 113(a)(6) is not a "crime of violence," and does not qualify as a prior conviction for enhancement purposes under USSG § 2K2.1(a), and cannot be used to heighten the base offense level.

*Fernandez-Ruiz* remains the law in the 9th Circuit. In May, 2019, the 9th Circuit confirmed the long-standing principle that reckless conduct does not constitute a crime of violence. *United States v. Orona*, 923 F.3d 1197, 1199 (9thCir. 2019). *Orona* discussed at length the United States Supreme Court's decision in *Voisine v. United States*, --- U.S. ---, 136 S. Ct. 2272, 195 L.Ed.2d 736 (2016), which held that a domestic assault statute encompassing reckless conduct did constitute a "misdemeanor crime of violence." However, *Orona* concluded that *Voisine* was not irreconcilable with *Fernandez-Ruiz*. The *Orona* Court applied *Fernandez-Ruiz*, holding that the Arizona offense of Aggravated Assault, which encompasses reckless conduct, does not qualify as a prior violent felony under the force clause of the ACCA (which contains language identical to USSG § 4B1.2(a)(1)).

In deciding whether a prior conviction qualifies as a "crime of violence" under USSG § 2K21, the categorical approach mandated in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2134, 109 L.Ed.2d 607 (1990), is applied. The court does not look to the specific facts in the underlying case, but instead conducts a comparison of the elements of the statute governing the prior conviction with the elements defining a "crime of violence." Consistent with the holding in *Orona, supra*, the statute under which defendant was convicted of assault contains the element of reckless and does not qualify as a crime of violence. When the categorical approach analysis results in a finding that the statute of conviction does not qualify as a categorical "crime of violence," the court may apply a modified categorical approach and examine the record, if the relevant statute is "divisible." *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

3

The Supreme Court described divisibility as creating "multiple, alternative versions of the crime …" *Id.* at 2284.  (In that event, the court may look to judicially noticeable documents to determine which part of the statute pertains to the defendant's conviction. The focus is still on the elements of the prior conviction, and the underlying facts remain irrelevant.) However, "when the crime of which the defendant was convicted has a single, indivisible set of elements," the sentencing court may not apply the modified categorical approach. *Id.* at 2282. 18 U.S.C. § 113(a) defines the offense as "assault resulting in serious bodily injury." Because the statute sets forth an indivisible set of elements, the modified approach is not applicable.

### 2. Defendant's felony conviction for Wrongful Distribution and Use of Ecstasy is not a "controlled substance offense" because it does not require "intent" to commit the offense.

For purposes of USSG §2K2.1, "controlled substance offense" has the same meaning given that term in USSG § 4B1.2(b).  USSG § 4B1.2(b) defines the term "controlled substance offense" as an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense."

The statute under which defendant was convicted, United States Code of Military Justice, Article 112a, mandates punishment for any person who "*wrongfully* uses, possesses, manufactures, distributes, imports into the customs territory of the United States, exports form the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b)." (Emphasis added.) "Wrongfully" is

4

not defined by the statute. However, the United States Court of Appeals for the Armed Forces held that the element is satisfied if the accused acted with knowledge. *United States v. Thomas*, 65 M.J. 132, 135 (2007). The statute does not require an intentional act.

Applying the categorical approach, the statute of conviction is missing the element of intent required by the definition of "controlled substance offense" and therefore is not a qualifying crime under the sentencing guidelines. Thus, defendant's prior conviction is not a "controlled substance offense" as contemplated by USSG §2K2.1 and cannot be used to heighten the base offense.

**Conclusion**

The pre-sentence report incorrectly specifies a base offense level of 26 based on prior felony convictions. Those convictions are not qualifying under the guidelines as noted above.

RESPECTFULLY SUBMITTED this  17th   day of June, 2019.


By  s/ *Laura E. Udall*
Laura E. Udall


By  s/ *Dan H. Cooper*
Dan H. Cooper