GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO PRESENTENCE REPORT

U.S. v. Joshua Joel Pratchard

CR 18-01256-TUC-CKJ (JR)

**EXHIBIT 2**

¶35.f.

data), did (at/onboard—location) (subject-matter jurisdiction data, if required), on or about_____ 20_____, (in the motor pool area) (near the Officer's Club) (at the intersection of_____ and_____) (while in the Gulf of Mexico) (while in flight over North America) physically control [a vehicle, to wit: (a truck) (a passenger car) (_____)] [an aircraft, to wit: (an AH-64 helicopter) (an F-14A fighter)(a KC-135 tanker)(_____)] [a vessel, to wit: (the aircraft carrier USS_____) (the Coast Guard Cutter_____) (_____)], [while drunk] [while impaired by_____] [while the alcohol concentration in his (blood was 0.10 grams of alcohol per 100 milliliters of blood or greater) (breath was 0.10 grams of alcohol per 210 liters of breath or greater) as shown by chemical analysis] [in a (reckless) (wanton) manner by (attempting to pass another vehicle on a sharp curve) (by ordering that the aircraft be flown below the authorized altitude)] [and did thereby cause said (vehicle) (aircraft) (vessel) to (strike and) (injure_____)].

### 36. Article 112—Drunk on duty

a. *Text.*

"Any person subject to this chapter other than sentinel or look-out, who is found drunk on duty, shall be punished as a court-martial may direct."

b. *Elements.*

(1) That the accused was on a certain duty; and

(2) That the accused was found drunk while on this duty.

c. *Explanation.*

(1) *Drunk. See* paragraph 35c(6).

(2) *Duty.* "Duty" as used in this article means military duty. Every duty which an officer or enlisted person may legally be required by superior authority to execute is necessarily a military duty. Within the meaning of this article, when in the actual exercise of command, the commander of a post, or of a command, or of a detachment in the field is constantly on duty, as is the commanding officer on board a ship. In the case of other officers or enlisted persons, "on duty" relates to duties or routine or detail, in garrison, at a station, or in the field, and does not relate to those periods when, no duty being required of them by orders or regulations, officers and enlisted persons occupy the status of leisure known as "off duty" or "on liberty." In a region of active hostilities, the circumstances are often such that all members of a command may properly be considered as being continuously on duty within the meaning of this article. So also, an officer of the day and members of the guard, or of the watch, are on duty during their entire tour within the meaning of this article.

(3) *Nature of offense.* It is necessary that the accused be found drunk while actually on the duty alleged, and the fact the accused became drunk before going on duty, although material in extenuation, does not affect the question of guilt. If, however, the accused does not undertake the responsibility or enter upon the duty at all, the accused's conduct does not fall within the terms of this article, nor does that of a person who absents himself or herself from duty and is found drunk while so absent. Included within the article is drunkenness while on duty of an anticipatory nature such as that of an aircraft crew ordered to stand by for flight duty, or of an enlisted person ordered to stand by for guard duty.

(4) *Defenses.* If the accused is known by superior authorities to be drunk at the time a duty is assigned, and the accused is thereafter allowed to assume that duty anyway, or if the drunkenness results from an accidental over dosage administered for medicinal purposes, the accused will have a defense to this offense. *But see* paragraph 76 (incapacitation for duty).

d. *Lesser included offense.* Article 134—drunk on station

e. *Maximum punishment.* Bad-conduct discharge, forfeiture of all pay and allowances, and confinement for 9 months.

f. *Sample specification.*

In that_____ (personal jurisdiction data), was, (at/on board—location), on or about_____ 20_____, found drunk while on duty as_____.

### 37. Article 112a—Wrongful use, possession, etc., of controlled substances

a. *Text.*

"(a) Any person subject to this chapter who wrongfully uses, possesses, manufactures, distributes, imports into the customs territory of the United

IV-54

EXHIBIT 2, PAGE 1

¶37.c.(3)

States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.

(b) The substances referred to in subsection (a) are the following:

(1) opium, heroin, cocaine, amphetamine, lysergic acid diethylamide, methamphetamine, phencyclidine, barbituric acid, and marijuana, and any compound or derivative of any such substance.

(2) Any substance not specified in clause (1) that is listed on a schedule of controlled substances prescribed by the President for the purposes of this article.

(3) Any other substance not specified in clause (1) or contained on a list prescribed by the President under clause (2) that is listed in Schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C. 812)."

b. *Elements.*

(1) *Wrongful possession of controlled substance.*

(a) That the accused possessed a certain amount of a controlled substance; and

(b) That the possession by the accused was wrongful.

(2) *Wrongful use of controlled substance.*

(a) That the accused used a controlled substance; and

(b) That the use by the accused was wrongful.

(3) *Wrongful distribution of controlled substance.*

(a) That the accused distributed a certain amount of a controlled substance; and

(b) That the distribution by the accused was wrongful.

(4) *Wrongful introduction of a controlled substance.*

(a) That the accused introduced onto a vessel, aircraft, vehicle, or installation used by the armed forces or under the control of the armed forces a certain amount of a controlled substance; and

(b) That the introduction was wrongful.

(5) *Wrongful manufacture of a controlled substance.*

(a) That the accused manufactured a certain amount of a controlled substance; and

(b) That the manufacture was wrongful.

(6) *Wrongful possession, manufacture, or introduction of a controlled substance with intent to distribute.*

(a) That the accused (possessed) (manufactured) (introduced) a certain amount of a controlled substance;

(b) That the (possession) (manufacture) (introduction) was wrongful; and

(c) That the (possession) (manufacture) (introduction) was with the intent to distribute.

(7) *Wrongful importation or exportation of a controlled substance.*

(a) That the accused (imported into the customs territory of) (exported from) the United States a certain amount of a controlled substance; and

(b) That the (importation) (exportation) was wrongful.

[Note: When any of the aggravating circumstances listed in subparagraph e is alleged, it must be listed as an element.]

c. *Explanation.*

(1) *Controlled substance.* "Controlled substance" means amphetamine, cocaine, heroin, lysergic acid diethylamide, marijuana, methamphetamine, opium, phencyclidine, and barbituric acid, including phenobarbital and secobarbital. "Controlled substance" also means any substance which is included in Schedules I through V established by the Controlled Substances Act of 1970 (21 U.S.C. 812).

(2) *Possess.* "Possess" means to exercise control of something. Possession may be direct physical custody like holding an item is one's hand, or it may be constructive, as in the case of a person who hides an item in a locker or car to which that person may return to retrieve it. Possession must be knowing and conscious. Possession inherently includes the power or authority to preclude control by others. It is possible, however, for more than one person to possess an item simultaneously, as when several people share control of an item. An accused may not be convicted of possession of a controlled substance if the accused did not know that the substance was present under the accused's control. Awareness of the presence of a controlled substance may be inferred from circumstantial evidence.

(3) *Distribute.* "Distribute" means to deliver to the possession of another. "Deliver" means the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship.

IV-55

¶37.c.(4)

(4) *Manufacture.* "Manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container. "Production," as used in this subparagraph, includes the planting, cultivating, growing, or harvesting of a drug or other substance.

(5) *Wrongfulness.* To be punishable under Article 112a, possession, use, distribution, introduction, or manufacture of a controlled substance must be wrongful. Possession, use, distribution, introduction, or manufacture of a controlled substance is wrongful if it is without legal justification or authorization. Possession, distribution, introduction, or manufacture of a controlled substance is not wrongful if such act or acts are: (A) done pursuant to legitimate law enforcement activities (for example, an informant who receives drugs as part of an undercover operation is not in wrongful possession); (B) done by authorized personnel in the performance of medical duties; or (C) without knowledge of the contraband nature of the substance (for example, a person who possesses cocaine, but actually believes it to be sugar, is not guilty of wrongful possession of cocaine). Possession, use, distribution, introduction, or manufacture of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary. The burden of going forward with evidence with respect to any such exception in any court-martial or other proceeding under the code shall be upon the person claiming its benefit. If such an issue is raised by the evidence presented, then the burden of proof is upon the United States to establish that the use, possession, distribution, manufacture, or introduction was wrongful.

(6) *Intent to distribute.* Intent to distribute may be inferred from circumstantial evidence. Examples of evidence which may tend to support an inference of intent to distribute are: possession of a quantity of substance in excess of that which one would be likely to have for personal use; market value of the substance; the manner in which the substance is packaged; and that the accused is not a user of the substance. On the other hand, evidence that the accused is addicted to or is a heavy user of the substance may tend to negate an inference of intent to distribute.

(7) *Certain amount.* When a specific amount of a controlled substance is believed to have been possessed, distributed, introduced, or manufactured by an accused, the specific amount should ordinarily be alleged in the specification. It is not necessary to allege a specific amount, however, and a specification is sufficient if it alleges that an accused possessed, distributed, introduced, or manufactured "some," "traces of," or "an unknown quantity of" a controlled substance.

(8) *Missile launch facility.* A "missile launch facility" includes the place from which missiles are fired and launch control facilities from which the launch of a missile is initiated or controlled after launch.

(9) *Customs territory of the United States.* "Customs territory of the United States" includes only the States, the District of Columbia, and Puerto Rico.

(10) *Use.* "Use" means to inject, ingest, inhale, or otherwise introduce into the human body, any controlled substance. Knowledge of the presence of the controlled substance is a required component of use. Knowledge of the presence of the controlled substance may be inferred from the presence of the controlled substance in the accused's body or from other circumstantial evidence. This permissive inference may be legally sufficient to satisfy the government's burden of proof as to knowledge.

(11) *Deliberate ignorance.* An accused who consciously avoids knowledge of the presence of a controlled substance or the contraband nature of the substance is subject to the same criminal liability as one who has actual knowledge.

d. *Lesser included offenses.*

(1) *Wrongful possession of controlled substance.* Article 80—attempts

(2) *Wrongful use of controlled substance.*

   (a) Article 112a—wrongful possession of controlled substance

   (b) Article 80—attempts

(3) *Wrongful distribution of controlled substance.* Article 80—attempts

(4) *Wrongful manufacture of controlled substance.*

   (a) Article 112a—wrongful possession of controlled substance

IV-56

¶37.f.(3)

(b) Article 80—attempts

(5) *Wrongful introduction of controlled substance.*

    (a) Article 112a—wrongful possession of controlled substance

    (b) Article 80—attempts

(6) *Wrongful possession, manufacture, or introduction of a controlled substance with intent to distribute.*

    (a) Article 112a—wrongful possession, manufacture, or introduction of controlled substance

    (b) Article 80—attempts

(7) *Wrongful importation or exportation of a controlled substance.* Article 80—attempts

e. *Maximum punishments.*

(1) *Wrongful use, possession, manufacture, or introduction of controlled substance.*

    (a) *Amphetamine, cocaine, heroin, lysergic acid diethylamide, marijuana (except possession of less than 30 grams or use of marijuana), methamphetamine, opium, phencyclidine, secobarbital, and Schedule I, II, III controlled substances.* Dishonorable discharge, forfeiture of all pay and allowances, and confinement 5 years.

    (b) *Marijuana (possession of less than 30 grams or use), phenobarbital, and Schedule IV and V controlled substances.* Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 2 years.

(2) *Wrongful distribution, possession, manufacture, or introduction of controlled substance with intent to distribute, or wrongful importation or exportation of a controlled substance.*

    (a) *Amphetamine, cocaine, heroin, lysergic acid diethylamide, marijuana, methamphetamine, opium, phencyclidine, secobarbital, and Schedule I, II, and III controlled substances.* Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 15 years.

    (b) *Phenobarbital and Schedule IV and V controlled substances.* Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 10 years.

When any offense under paragraph 37 is committed; while the accused is on duty as a sentinel or lookout; on board a vessel or aircraft used by or under the control of the armed forces; in or at a missile launch facility used by or under the control of the armed forces; while receiving special pay under 37 U.S.C. § 310; in time of war; or in a confinement facility used by or under the control of the armed forces, the maximum period of confinement authorized for such offense shall be increased by 5 years.

f. *Sample specifications.*

(1) *Wrongful possession, manufacture, or distribution of controlled substance.*

    In that_____ (personal jurisdiction data) did, (at/on board—location) (subject-matter jurisdiction data, if required), on or about_____, 20_____, wrongfully (possess) (distribute) (manufacture)_____ (grams) (ounces) (pounds)(_____) of_____ (a schedule (_____) controlled substance), (with the intent to distribute the said controlled substance) (while on duty as a sentinel or lookout) (while (on board a vessel/aircraft) (in or at a missile launch facility) used by the armed forces or under the control of the armed forces, to wit:_____) (while receiving special pay under 37 U.S.C. § 310) (during time of war).

(2) *Wrongful use of controlled substance.*

    In that_____ (personal jurisdiction data), did, (at/on board—location) (subject-matter jurisdiction data, if required), on or about_____, 20_____, wrongfully use_____ (a Schedule_____ controlled substance) (while on duty as a sentinel or lookout) (while (on board a vessel/aircraft) (in or at a missile launch facility) used by the armed forces or under the control of the armed forces, to wit:_____) (while receiving special pay under 37 U.S.C. § 310) (during time of war).

(3) *Wrongful introduction of controlled substance.*

    In that_____ (personal jurisdiction data) did, (at/on board—location) on or about_____, 20_____, wrongfully introduce_____ (grams) (ounces) (pounds) (_____) of_____ (a Schedule (_____) controlled substance) onto a vessel, aircraft, vehicle, or installation used by the armed forces or under control of the armed forces, to wit:_____ (with the intent to distribute the said controlled substance) (while on duty as a sentinel or lookout)

EXHIBIT 2, PAGE 4

¶37.f.(3)

(while receiving special pay under 37 U.S.C. § 310) (during a time of war).

(4) *Wrongful importation or exportation of controlled substance.*

In that_____ (personal jurisdiction data) did, (at/on board—location) on or about_____, 20_____, wrongfully (import) (export)_____ (grams) (ounces) (pounds) (_____) of_____ (a Schedule (_____) controlled substance) (into the customs territory of) (from) the United States (while on board a vessel/aircraft used by the armed forces or under the control of the armed forces, to wit:_____) (during time of war).

## 38. Article 113—Misbehavior of sentinel or lookout

a. *Text.*

"Any sentinel or look-out who is found drunk or sleeping upon his post, or leaves it before he is regularly relieved, shall be punished, if the offense is committed in time of war, by death or such other punishment as a court-martial may direct, but if the offense is committed at any other time, by such punishment other than death as a court-martial may direct."

b. *Elements.*

(1) That the accused was posted or on post as a sentinel or lookout;

(2) That the accused was found drunk while on post, was found sleeping while on post, or left post before being regularly relieved.

[Note: If the offense was committed in time of war or while the accused was receiving special pay under 37 U.S.C. § 310, add the following element]

(3) That the offense was committed (in time of war) (while the accused was receiving special pay under 37 U.S.C. § 310).

c. *Explanation.*

(1) *In general.* This article defines three kinds of misbehavior committed by sentinels or lookouts: being found drunk or sleeping upon post, or leaving it before being regularly relieved. This article does not include an officer or enlisted person of the guard, or of a ship's watch, not posted or performing the duties of a sentinel or lookout, nor does it include a person whose duties as a watchman or attendant do not require constant alertness.

(2) *Post.* "Post" is the area where the sentinel or lookout is required to be for the performance of duties. It is not limited by an imaginary line, but includes, according to orders or circumstances, such surrounding area as may be necessary for the proper performance of the duties for which the sentinel or lookout was posted. The offense of leaving post is not committed when a sentinel or lookout goes an immaterial distance from the post, unless it is such a distance that the ability to fully perform the duty for which posted is impaired.

(3) *On post.* A sentinel or lookout becomes "on post" after having been given a lawful order to go "on post" as a sentinel or lookout and being formally or informally posted. The fact that a sentinel or lookout is not posted in the regular way is not a defense. It is sufficient, for example, if the sentinel or lookout has taken the post in accordance with proper instruction, whether or not formally given. A sentinel or lookout is on post within the meaning of the article not only when at a post physically defined, as is ordinarily the case in garrison or aboard ship, but also, for example, when stationed in observation against the approach of an enemy, or detailed to use any equipment designed to locate friend, foe, or possible danger, or at a designated place to maintain internal discipline, or to guard stores, or to guard prisoners while in confinement or at work.

(4) *Sentinel or lookout.* A sentinel or a lookout is a person whose duties include the requirement to maintain constant alertness, be vigilant, and remain awake, in order to observe for the possible approach of the enemy, or to guard persons, property, or a place and to sound the alert, if necessary.

(5) *Drunk.* For an explanation of "drunk," *see* paragraph 35c(3).

(6) *Sleeping.* As used in this article, "sleeping" is that condition of insentience which is sufficient sensibly to impair the full exercise of the mental and physical faculties of a sentinel or lookout. It is not necessary to show that the accused was in a wholly comatose condition. The fact that the accused's sleeping resulted from a physical incapacity caused by disease or accident is an affirmative defense. *See* R.C.M. 916(i).

d. *Lesser included offenses.*

(1) *Drunk on post.*

IV-58