LAURA E. UDALL, Bar No. 004900
Cooper & Udall, P.C.
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
ludall@cooperudall.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-18-01256-CKJ-JR |
| Plaintiff, | ) |
| vs. | ) **REPLY TO GOVERNMENT'S** |
| | ) **RESPONSE TO DEFENDANT'S** |
| JOSHUA JOEL PRATCHARD, | ) **OBJECTIONS TO PRESENTENCE** |
| | ) **REPORT** |
| Defendant. | ) |
| | ) |

The Presentence Report asserted Defendant's prior convictions for assault and distribution of ecstasy both qualified as convictions as either a "crime of violence" or a "controlled substance offense." Defendant objected to the use of both convictions as enhancements. The Government, in its Response, agrees that Defendant's prior conviction for assault is not a crime of violence and cannot enhance his base offense level. The Government, however, argues that Defendant's court martial for distribution of ecstasy is a controlled substance offense, and therefore raises his base offense level. The Government is wrong.

The Government accurately sets forth the test for determining whether an offense qualifies as a controlled substance offense under U.S.S.G §4B1.2. In short, if the statute of conviction is overbroad, it does not qualify. The Government correctly states that the statute of conviction, Article 112a, is committed by "wrongfully" distributing ecstasy. The Government correctly states that "wrongful distribution" requires "knowing distribution." The Government acknowledges that the Guideline definition of a controlled substance offense requires that the prior offense be committed with intent. Yet, the

Government inexplicably concludes that an offense that can be committed knowingly (Article 112a) "falls precisely" within the conduct that requires intent. However, knowledge and intent are not synonymous. A person acts with intent when there is a conscious objective or desire to engage in the conduct or to cause the result. Knowledge, more broadly, is met by simply having an awareness of the actions or the results. Because an offense can be committed with knowledge, but without intent, the offense defined in Article 112a is broader than the definition of a controlled substance offense. Therefore, Defendant's conviction for wrongful distribution of ecstasy does not qualify as a controlled substance offense and cannot be used to enhance his base offense level.

The author of the PSR also responded to the Defendant's Objection to the use of the Article 112a conviction for enhancement, but justified its use for reasons that differ from those stated in the Government's Response. The probation officer wrongly stated that the Defendant was convicted of "possession with intent to distribute." The probation officer seems to be quoting from the Court Martial Order dated December 3, 2002. In that document, "Specification 6" alleged that Defendant did "wrongfully possess [ecstasy] with the intent to distribute the said controlled substance." The wording, relating to that charge, goes on: "Plea: Not Guilty. Finding: Withdrawn and Dismissed with Prejudice." Thus, that specific allegation did not result in a conviction, and does not qualify as an enhancement.

In conclusion, the Government concedes that Defendant's conviction for assault resulting in serious bodily injury is not a crime of violence for purposes of USSG § 2K2.1(a)(1). The Government's assertion that the definition of a crime of violence, which requires an intentional act, encompasses an act committed knowingly is contrary to the law. Defendant's conviction for the wrongful (knowing) distribution of ecstasy does not qualify as a controlled substance offense because it does not require intent, and thus, it cannot be used to raise his base level offense.

RESPECTFULLY SUBMITTED this 19th   day of July, 2019.

By  s/ *Laura E. Udall*
Laura E. Udall